## WAGNER BROTHERS CO v YOUNCE

Ohio Appeals, 1st Dist, Butler Co

Decided Nov 23, 1931

Clinton Egbert, Hamilton, for plaintiff in error.

Kusworm & Shaman, Dayton, and Andrews & Rogers, Hamilton, for defendant in error.

HAMILTON, J.

Evidence was introduced by the plaintiff tending to establish the claims set forth in the amended petition.

Evidence was introduced by the defendant tending to refute the claim of the plaintiff as to the terms of the contract, and on the question of misrepresentation.

These matters were purely jury questions. If the jury believed the evidence produced by the plaintiff Younce, it was justified in returning the verdict that it did.

It is argued by counsel for plaintiff in error that there was no evidence to show that Younce had, distributing rights in Hamilton, Ohio, or Butler County, and it is claimed that the evidence showed conclusively that Younce did not have the

right to sell the list of his customers to Wagner Brothers Company, that these customers belonged to one Berdas, and that this being true, there was no consideration for the oral contract claimed.

We are unable to agree with counsel on this proposition, for the reason that the evidence clearly established that Younce had a large business in Butler County, particularly in the cities of Hamilton and Middletown, and that Wagner Brothers Company was one of his largest customers.

Younce claimed that he was protected by the Berghoff Beverage Company in all territory he developed; that he had the distributing rights; and that he owned the distributing rights was testified to both by Younce and by Berdas.

There was evidence therefore, tending to show that the Younce Sales Company had distributing rights in Butler County, Ohio.

It is claimed that the list of customers was of no value, but the evidence is to the effect that after the contract Wagner Brothers did deal with and make large sales to former customers of the Younce Company.

We are, therefore, of the opinion that the jury could well find in favor of Younce in his claim of an oral contract, and it was shown that under the contract there was a balance due of $1,200, provided the Wagner Brothers Company had purchased and distributed from the Berghoff Beverage Company at least twelve carloads of beverages; and that they had purchased and distributed as many as twelve carloads is testified to by Wagner himself, who states that they purchased and distributed approximately sixteen carloads.

Complaint is made of the following charge of the court to the jury: "The court says to you if you find for the plaintiff your verdict must be for the sum of $1,200, and plaintiff would be entitled to interest upon each $100 installment from the date you find same to be due and owing to plaintiff, at the rate of 6% per annum. The court has prepared for you two forms of verdict, one finding in favor of the plaintiff and fixing the amount in the sum of $———. The court says to you if that is your form of verdict you will insert in the blank space provided the sum you believe plaintiff entitled to recover. This sum must be $1,200, plus whatever interest you believe plaintiff entitled to recover; but the whole sum, principal and interest, must be stated in one lump sum."

It is argued that the court gave the jury no discretion to find the amount due on this contract, other than to determine the amount of interest; that this charge left no discretion on the part of the jury except that in the event they found for plaintiff they must give plaintiff at least $1,200, as prayed for in the amended petition.

One of the chief grounds advanced in the evidence of the defendant company for non-payment is that it was only to pay if it made enough profit from the handling of the business from each carload, and Wagner testified that the company made no profit from any of the business acquired from Younce. The court charged the jury as follows:

"The issues involved in this particular case for your determination may be stated as follows:

"Did the Defendant agree to pay the Plaintiff the sum of $100 per car load as alleged in Plaintiff's petition, or was the agreement that said $100 per car load was to be paid only in the event that Defendant made a profit in said business? If you find that the Defendant agreed to pay to Plaintiff the sum of $100 per car load regardless of his profits, then Plaintiff is entitled to your verdict. If you find that this agreement was to pay $100 per car load only in the event that he made a profit in said business, and you further find that Defendant did not make a profit in said business then your verdict should be for the Defendant."

"The Court tells you that the burden of proof in this case is upon the Plaintiff to prove that the terms of the agreement were as he alleges in his petition."

It will be noted that under this charge of the court the judgment must necessarily be for the sum of $1,200, with interest, unless the jury found that it was only to be paid if the defendant Wagner Brothers Company made a profit; and if no profit was made the verdict must be for the defendant. Since the defendant Wagner Brothers Company admitted having bought and distributed direct from the Berghoff Beverage Company approximately sixteen carloads, the amount involved in any verdict that the jury might return would necessarily be for the sum of $1,200, or nothing.

It appears that no award of interest was allowed by the jury, so that the defendant was in no way prejudiced by the question of interest.

We are, therefore, of opinion that the

court did not err when it charged the jury that the verdict must be for the sum of $1.200, or in favor of the defendant.

We find no error in the record, prejudicial to the rights of the plaintiff in error, and the judgment of the Court of Common Pleas of Butler County is therefore affirmed.

ROSS PJ, and CUSHING, J, concur.